```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OLIVER SHIH et al.,                              :
                                                 :
                Plaintiffs,                      :
                                                 :         24-cv-988 (AS)
        -v-                                      :
                                                 :            ORDER
AMYLYX PHARMACEUTICALS, INC. et al.,             :
                                                 :
                Defendants.                      :
                                                 :
------------------------------------------------------------------------X
```

ARUN SUBRAMANIAN, United States District Judge:

On February 9, 2024, Plaintiff Oliver Shih filed this putative class-action lawsuit on behalf of purchasers of Amylyx Pharmaceuticals' securities between November 11, 2022, and November 8, 2023. Dkt. 1. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder.

Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, the plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i).

Counsel for Shih notified the Court that the required notice was published via *Newsfile Corp.* on February 9, 2024. Dkt. 8. Members of the purported class therefore had until April 9, 2024, to move to serve as lead plaintiff. Dkt. 9. On April 9, 2024, two plaintiffs moved to serve as lead plaintiff: Shih and Jeff Schryver.

Under the PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA also presumes

that the most adequate plaintiff is the "person or group of persons" who (1) "has the largest financial interest in the relief sought by the class" and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)–(cc).

Shih doesn't contest that Schryver has the greatest financial stake in this case; he has filed a notice of non-opposition to Schryver's motion. Dkt. 23. Under § 78u-4, Schryver is presumptively the most adequate plaintiff, and that presumption has not been rebutted. So the Court appoints Schryver to serve as lead plaintiff. The Court has reviewed the qualifications of the Schryver's chosen counsel—Levi & Korinsky, LLP—and finds that the firm has the knowledge, experience, and resources to serve as lead counsel here. Given that review, as well as the PSLRA's "strong presumption in favor of approving … lead plaintiff's decisions as to counsel," Levi & Korinsky is appointed as lead counsel. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (citation omitted); *see also* § 78u-4(a)(3)(B)(v).

For these reasons, Shih's motion to serve as lead plaintiff is DENIED. Schryver's motion to be appointed as lead plaintiff and to appoint Levi & Korinsky as lead counsel is GRANTED. The Clerk of Court is directed to close Dkts. 16 and 19.

By April 23, 2024, the parties shall meet, confer, and jointly propose a schedule for the filing of a consolidated amended complaint and a briefing schedule for any motions to dismiss the complaint.

SO ORDERED.

Dated: April 17, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge